UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FRANCISCO DIAZ,

                Petitioner,
v.                                                                                  9:21-CV-0738
                                                                                    (GTS/ATB)
WARDEN, FCI-Ray Brook,

                Respondent.
_____

APPEARANCES:                                                          OF COUNSEL:

FRANCISCO DIAZ
86471-054
Petitioner, pro se
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

    Petitioner Francisco Diaz sought federal habeas corpus relief pursuant to 28 U.S.C. §2241. Dkt. No. 1, Petition ("Pet.").[1] Petitioner challenges the Federal Bureau of Prison's ("BOP") calculation of his earned time credit ("ETC") under the First Step Act ("FSA").[2] Pet. at 3. Specifically, petitioner asks "this Court [to] enforce the clear intent of Congress and

---

[1] Citations to the filings in this case refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2] "The First Step Act was signed into law on December 21, 2018. Under the Act, an eligible prisoner 'who successfully completes evidence-based recidivism reduction programming or productive activities' and who is 'determined by the Bureau of Prisons to be at a minimum or low risk for recidivating' shall earn 15 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." *Cohen v. United States*, No. 1:20-CV-10833, 2021 WL 1549917, at *2 (S.D.N.Y. Apr. 20, 2021) (quoting 18 U.S.C. §3632(d)(4)(A)).

order application of the ETC and immediate release [of petitioner] from confinement."  *Id.*

## II.   BACKGROUND

Petitioner is presently incarcerated at the Ray Brook Federal Correctional Institute. Dkt. No. 1-1.  Petitioner alleges that between December of 2019 and April of 2021, he participated in, and successfully completed, approximately 339 hours of evidence-based recidivism reduction programming.  Pet. at 3-4, 14-21.  Per petitioner's calculations, this results in 42.6 days of ETC.  *Id.* at 4.  Petitioner concludes that he is entitled to immediate release to home confinement per the FSA statutory provisions.  *Id.*  Further, petitioner reports that he has exhausted all of his administrative remedies because he has filed the requisite remedy requests; however, his filings have been ignored.  *Id.*[3]

## III.   DISCUSSION

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).  Section 2241 is the proper vehicle to challenge the execution of a sentence.  *Adams*, 372 F.3d at 135; 28 U.S.C. § 2241.  For example, a petitioner may use a section 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions.  *Cook v. N.Y.S.*

---

[3] Petitioner attached responses from Ray Brook employees denying his administrative appeals for ETC. Dkt. No. 1 at 31-39.  In the two responses petitioner provided, his counselor and the Warden indicated that the programming in which petitioner participated was not nationally approved and eligible for receiving ETC.  *Id.* at 31, 34.  Therefore, even if petitioner's claims were ripe, it appears that they would be meritless.  *See Butler v. Bradley*, No. 2:20-CV-11211, 2021 WL 945252, at *4 (C.D.Ca. Feb. 22, 2021) (explaining that "[i]f an inmate could accrue FSA credits by participating in any type of recidivism-reduction program or activity, the statutory language instructing the BOP to establish and implement an individualized risk and needs assessment system . . . would be superfluous."); *see also Hare v. Ortiz*, No. 20-CV-14093, 2021 WL 391280, at *9 (D.N.J. Feb. 4, 2021) ("Time Credits are earned only when an inmate successfully completes one of the BOP-approved [evidence-based recidivism reduction] programs or [productive activities] related to one of the particular needs assigned to that inmate.").

*Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 447 (2004).

Here, petitioner is a federal inmate, confined at Ray Brook, seeking to challenge the BOP's computation of his sentence. Namely, petitioner argues that he is entitle to ETC and immediate release. Therefore, the habeas petition is brought properly through section 2241.

However, "Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to those cases which present a 'case or controversy.'" *Islam v. New York State Bd. of Parole*, No. 9:13-CV-0854 (GTS/TWD), 2016 WL 3943668, at *2 (N.D.N.Y. June 2, 2016) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Accordingly, "in order for there to be a valid exercise of subject matter jurisdiction, a federal court must have before it an actual controversy at all stages of review[.]" *In re Flanagan*, 503 F.3d 171, 178 (2d Cir. 2007).

A claim is "constitutionally unripe [if the] . . . claimed injury, if any, is not actual or imminent, but instead conjectural or hypothetical." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013) (internal quotation marks and citations omitted). If a matter is not ripe, because "it depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all," then it fails to present a live case or controversy. *Id.* at 687.

Here, petitioner's allegations are not ripe for review. The FSA

> provided for a gradual development of the framework of evaluating
> and programming pursuant to which various incentives, including

> time credits, could be earned.  First, not later than 210 days after enactment, the Attorney General was required to develop and publicly release a risk and needs assessment system . . . to determine the recidivism risk of each prisoner and determine the type and amount of evidence-based recidivism reduction programming that [wa]s appropriate . . . Then, within 180 days of the release of the System – that is, by January 15, 2020 – the BOP was required to implement and complete the initial risk and needs assessment for each prisoner . . . Thereafter, the Act provided for what it termed a phase-in, . . . before the date that is 2 years after the date on which the Bureau of Prisons completes a risk and needs assessment for each prisoner.

*Cohen v. United States*, No. 1:20-CV-10833, 2021 WL 1549917, at *2 (S.D.N.Y. Apr. 20, 2021) (internal quotation marks and citations omitted).  While the statute contemplates a phase-in period, it "does not require the BOP to begin awarding ETCs during [it] . . . Indeed, the statute specifically leaves to the discretion of the BOP whether to expand existing programs and whether to offer to prisoners who successfully participate in such programs incentives and rewards."  *Id.* (citing 18 U.S.C. §§ 3621(h)(2)(B)&(4))

Petitioner argues that the Court should follow the reasoning put forth from the District of New Jersey.  Pet. at 6 (citing *Goodman v. Ortiz*, No. 1:20-CV-7582, 2020 WL 5015613 (D.N.J. Aug. 25, 2020)).  In *Goodman*, the district court discussed the statutory construction of 18 U.S.C. § 3621 and noted that

> while the statute does not explicitly provide a date when the BOP *must* apply a prisoner's earned credits from participation in recidivism reduction programs, it does require a 2-year phase-in [and there is] . . . no evidence in the statutory framework for delaying application of incentives earned by all prisoners during the phase-in program until January 15, 2022, the final date when BOP must complete the phase-in with respect to all prisoners.

*Id.*, 2020 WL 5015613, at *6.

However, "[t]he majority of courts that have addressed the issue arrive at a contrary

4

conclusion." *Holt v. Warden*, No. 4:20-CV-4064, 2021 WL 1925503, at *5 (D.S.D. May 13, 2021) (citing *Cohen*, 2021 WL 1549917, at *3 (holding that "[t]he overwhelming majority of courts to have considered this issue" have agreed that the BOP has until January of 2022 to complete the phase-in) (citing cases).  Those courts have distinguished their reasoning from *Goodman* because, "[w]hile it is true that the statute requires a phase-in, th[at] misses the point that the statute requires various activities during the phase-in period, but pointedly does not require the BOP to begin to assign ETCs[.]"  *Cohen*, 2021 WL 1549917, at *3.  In sum, nothing about the statute "require[s] the BOP to truncate th[e phase-in] process and begin to award ETCs during that period."  *Id.*

Given that the District of New Jersey is not in this Circuit, the *Goodman* holding is persuasive at best.  While the *Cohen* holding is not binding either, the Southern District is in this Circuit and follows the majority of courts that have examined the issue.  Similarly, this Court joins that majority for the same reasons outlined in *Cohen*.  Therefore, any claims related to ETC and the FSA must be commenced after the phase-in period has terminated, on January 15, 2022.

Accordingly, the petition is premature because the claim is not ripe.

IV. **CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

Dated: July 19, 2021
      Syracuse, New York

                                                    Hon. Glenn T. Suddaby
                                                    Chief U.S. District Judge